# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS

RECEIVED

MAY 1 9 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Derrick Carter

(A) COMPLAINT

PLAINTIFF(S)

CIVIL ACTION NO. _____

V.

Roger F Walker Jr., Danny Hartline, Daniel Austin, Lt. Wadkins, Sup Mahlandt, C/O Mclain.—

DEFENDANT(S)

MAY 1 9 2008 mB

08CV2897
JUDGE HART
MAGISTRATE JUDGE ASHMAN

## I. JURISDICTION & VENUE (B)

#1. THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THE COURT HAS JURISDICTION UNDER 28 USC SECTION 1331 AND 1343 (A)(3). PLAINTIFF SEEKS DECLARATORY RELIEF PERSUANT TO 28 USC SECTION 2201 AND 2202. PLANTIFF'S CLAIMS FOR INJUCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. SECTION 2283 & 2284 AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

1

#2. THE SOUTHERN DISTRICT OF ILLINOIS IS AN APPROPRIATE VENUE UNDER 28 U.S.C. SECTION 1391 (B) (2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURED.

## II · PLANTIFFS (C)

#3· PLANTIFF, DERRICK CARTER IS AND WAS AT ALL TIMES MENTIONED HERE IN A PRISONER OF THE STATE OF ILLINOIS IN THE CUSTODY OF THE ILLINOIS DEPARTMENT OF CORRECTIONS. HE IS CURRENTLY CONFINED IN PINKNEYVILLE CORRECTIONAL CENTER IN PINKNEYVILLE IL.

## III DEFENDANTS (D)

#4· DEFENDANT, ROGER E. WALKER IS THE DIRECTOR OF STATE OF ILLINOIS. HE IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATION OF THE DEPARTMENT AND EACH INSTITUTION UNDER IT'S JURISDICTION INCLUDING PINKNEYVILLE CORRECTIONAL CENTER.

2

5. DEFENDANT DANNY HARTLINE IS THE DEPUTY DIRECTOR OF STATE OF ILLINOIS DI's HE IS LEGALLY RESPONSIBLE FOR THE OPERATION OF THE DEPARTMENT AND EACH INSTITUTION UNDER IT'S DISTRICT INCLUDING PINKNEYVILLE CORRECTIONAL CENTER.

6. DEFENDANT DANIEL AUSTIN IS THE WARDEN OF PINKNEYVILLE CORRECTIONAL CENTER. HE IS LEGALLY RESPONSIBLE FOR THE OPERATION OF PINKNEYVILLE CORRECTIONAL CENTER AND FOR THE WELFARE OF ALL THE INMATES OF THAT PRISON.

7. DEFENDANT LT. WADKINS IS A CORRECTIONAL OFFICER OF THE STATE OF ILLINOIS IN THE ILLINOIS DEPARTMENT OF CORRECTIONS WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD THE RANK OF LEUTENANT AND WAS ASSIGNED TO PINKNEYVILLE CORRECTIONAL CENTER.

8. DEFENDANT SUP. MAHLANDT IS A DIETARY SUPERVISOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD THE RANK OF DIETARY SUPERVISOR AND WAS ASSIGNED TO PINKNEYVILLE

3

CORRECTIONAL CENTER.

#9. DEFENDANT c/o McLAIN IS A CORRECTIONAL
OFFICER OF THE ILLINOIS DEPARTMENT OF
CORRECTIONS WHO AT ALL TIMES MENTIONED
IN THIS COMPLAINT HELD THE RANK OF
CORRECTIONAL OFFICER AND WAS ASSIGNED
TO PINKNEYVILLE CORRECTIONAL
CENTER.

#10. EACH DEFENDANT IS SUED INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AT ALL TIMES
MENTIONED IN THIS COMPLAINT EACH DEFENDANT
ACTED UNDER THE COLOR OF STATE LAW.

# IV FACTS (E)

#11. STATE IN DETAIL ALL FACTS THAT ARE
THE BASIS FOR YOUR SUIT. YOU WILL WANT
TO INCLUDE WHAT HAPPENED, WHERE WHEN
HOW AND WHO WAS THERE. REMEMBER THAT
THE JUDGE MAY KNOW VERY LITTLE ABOUT
PRISON SO BE SURE TO EXPLAIN THE TERMS
YOU USE. DIVIDE YOUR DESCRIPTION OF THE
FACTS INTO SEPERATE SHORT PARAGRAPHS IN
A WAY THAT MAKES SENSE BY TIME DATE OR

4

EVENT.

#12. YOU MAY WANT TO INCLUDE SOME FACTS THAT YOU DONT KNOW PERSONALLY IT MAY BE GENERAL PRISON KNOWLEDGE OR IT MAY BE INFORMATION GIVEN TO YOU BY PEOPLE WHO ARE NOT PLANTIFFS IN YOUR LAWSUIT. IT IS PROPER TO INCLUDE THIS KIND OF INFORMATION BUT YOU NEED TO BE SURE THAT EACH TIME YOU GIVE THESE KIND OF FACTS YOU START THE PARAGRAPH WITH THE PHRASE "UPON INFORMATION AND BELIEF."

#13. YOU CAN REFER TO DOCUMENTS, AFFADAVITS, AND OTHER MATERIALS THAT YOU HAVE ATTACHED AT THE BACK OF YOUR COMPLAINT. EACH DOCUMENT OR GROUP OF DOCUMENTS SHOULD HAVE ITS OWN LETTER: Example EXHIBIT A", EXHIBIT B", Etc.

## COUNT #1
### CRUEL AND UNUSUAL PUNISMENT (8th Amend)
### CONDITIONS OF CONFINEMENT
### ADEQUATE FOOD

#14. On about the 6th day of February, 2008,

5

Pinkneyville Correctional Center was placed on a
level one(1) lockdown for alleged security reasons,
in which the institution began to issue styrofoam
trays, due to the lack of the inmate personell desig-
nated to prepare and distribute the normal plastic
trays.

   On the 11th day of February, at approximately 730pm,
the Plaintiff was indeed a resident of Pinkneyville
Correctional Center Segregation Unit R5 D wing
cell 21, where the Plaintiff awaited for what one
being incarcerated would label the food provided
as "chow", which is normally served at approximately
4:45pm As the chuckhole (a lock and keyed compartment on
the door used to pass residents of Segregation, items
such as food, mail, sanitary supplies etc.) was
opened by officer lawless. The Plaintiff proceeded to
retrieve his styrofoam tray, and beverage. Upon
observation and examination of the contents
enclosed, in an attempt to consume these contents,
the Plaintiff became immediately furious and
disgusted in response to the texture, smell, and
insufficient amount enclosed. The Plaintiff was
then verbally informed by inmates Eugene Willingham
(cell 20), Devin Williams (cell 29), Shaun Longstreet (cell 30)
and inmate Wyles (cell 61) that the trays were all the

Same. The Plaintiff proceeded to question the assigned shift/wing officer c/o lawless on what was going on, and officer lawless replied quote: "Don't bug up on me we don't make the trays we just pass them out". The Plaintiff then inquired the name of the individual responsible for this distribution of inadequate food, in which officer lawless response was, "It's Sup. Mahlandt's fault we don't see eye to eye anyway", directly implicating and verifying Defendant Mahlandts involvement in this matter.

The contents enclosed consisted of two (2) pieces of stale wheat bread, a small portion of vegetables, and approximately three (3) teaspoons of a substance appearing to be edible, which may be described by an onlooking eye as "slop", also a half pint (236ml) Pineapple drink containing substances of high fructose, and only 10% Pineapple juice and an individually packaged substance without any ingredients nor nutritions, facts just a very vague description within the title which read "orange sherbet" in which was closely examined only to find this package was not properly sealed.

The Plaintiff, along with a host of other

7

fellow residents requested to see the Chief Administrative Officer. The Plaintiff was then informed by C/o Lawless that the Defendant Daniel Austin had been notified and will be here 1st thing in the mourning.

The following day on February 12th 2008, at approximately 845 Am, Defendant Daniel Austin (Chief Administrative Officer of Pinkneyville Corr. Center) made an appearance on segregation Unit R5 D wing, where Plaintiff was being temporarily confined. The Plaintiff was given the opportunity to confer with defendant Daniel Austin in regaurds to the prior incident, where the Plaintiff was informed by Defendant Daniel Austin that quote: "As long as I am here it will never happen again".

Defendant Mahlandt acted under the color of state law in the act of cruel and unusual Punishment, in the deprivation of adequate food. Defendant Daniel Austin was indeed notified of the situation in which directly and indirectly implicated him to be legally responsible for the actions of Defendant Sup. Mahlandt.

8

# COUNT #2
## CRUEL AND UNUSUAL PUNISHMENT (8th Amend)
## CONDITIONS OF CONFINEMENT
## ADEQUATE SANITATION

#15. On the 29th day of February 2008 at approximately 7:30pm where the Plaintiff was indeed a resident of Pinkneyville Correctional Center Segregation Unit R5B52 Defendant Mclain approached Plaintiffs living space (Cell52) with a broom and a dustpan in which at that moment Defendant Mclain proceeded to present the opportunity to clean the Plaintiffs cell. At this moment the Plaintiff noticed that there was not a mop nor disenfectant available to accompany the broom and dustpan, which Defendant Mclain possessed. The Plaintiff then proceeded in a respectfull matter to inquire about the absence of the adequate sanitary supplies and equiptment (mop and disenfect), in which Defendant Mclains response to Plaintiffs questions and concerns were very derogatory and inflamatory quote: "We don't have to give you motherfuckers shit" At this moment Defendant Wadkins made an appearance on R5B wing.

9

Plaintiff Carter verbally requested Defendant Wadkin's attention for a brief moment. Once Defendant Wadkins was visually in the presence of the plaintiff, the plaintiff addressed the deprivation of adequate sanitary materials, supplies, and equiptment required by State and federal law. Defendant Wadkins response to plaintiff's questions and concerns was quote: "Here at RS we don't have that kind of stuff". Plaintiff then proceeded to inform Defendant Wadkins of an incident that occured on Feb 19, 2008 on another segregation wing (RSD) where on that particular date the Plaintiff was indeed a resident of cell 21. On this occassion Plaintiff Carter engaged in a brief conferenc with Defendant Danny Hartline and Defendant Daniel Austin about the continuous denial by wing officers of adequate sanitary Supplies and equiptment. The Plaintiff also brought to Defendant Wadkins attention that during the plaintiff's confrence with Defendant Hartline and Defendant Austin the Plaintiff informed Defendant Hartline and Defendant Austin that a grievance had been filed on Feb 13 2008 (see exhibit B) Concerning this matter in which at that point Defendant Austin directed the first available correctional officer to supply Plaintiff

10

as well as the entire D wing with a mop, broom dustpan and germiquad (a disenfectant substance) to properly sanitize Plantiffs living space.

After the Plantiffs explanation of the prior but relative event to the one at hand in an attempt to make Defendant Wadkins aware of Plantiffs knowledge of the existance of adequate sanitary supplies, defendant Wadkins response was quote "well this is my shift and its not gonna happen on my shift". After making this statement Defendant Wadkins proceeded to walk away from Plantiffs living space.

Defendant Wadkins and Defendant Mclain at all times mentioned acted under the color of state law in the act of cruel and unusual Punishment in the Deprivation of adequate sanitation. Defendant Austin and Defendant Hartline were both notified verbally by the Plantiff of the Deprivation of adequate sanitation in which directly and indirectly implicated Defendant Hartline and Defendant Austin to be legally responsible for the actions of Defendant Wadkins and Defendant Mclain.

11

#16. AS A RESULT OF THE CRUEL AND UNUSUAL PUNISHMENT INFLICTED ON THE PLANTIFF DERRICK CARTER, ALL SAID DEFENDANTS MENTIONED IN THIS COMPLAINT AT All TIMES MENTIONED ACTED UNDER THE COLOR OF STATE LAW IN ACCOURDANCE WITH THE USCA CONSTITUTION AMENDMENT 14 WHICH ENSURES THE PLANTIFF AS A US CITIZEN THE EQUAL PROTECTION OF THE LAWS, WHICH HAS CLEARLY BEEN NEGLECTED IN EACH COUNT PROVIDED.

## V. EXHAUSTION OF LEGAL REMEDIES (F)

#17. PLAINTIFF MUST USE GRIEVANCE PROCEDURE IF AVAILABLE AT INSTITUTION. ALSO THE SAME FACTS ON GRIEVANCE MUST BE SAME FACTS ON COMPLAINT PRESENTED. ALSO YOU MUST SHOW THAT GRIEVANCE HAS BEEN DENIED WITH THE DATE OF DENIAL ALSO THE DATE YOU APPEALED THE GRIEVANCE AND DATE OF DENIAL. (See Exhibit D)

## VI. LEGAL CLAIMS (G)

12

#18. THE DEPRIVATION OF ADEQUATE FOOD, THE DEPRIVATION OF ADEQUATE SANITATION VIOLATED PLAINTIFF'S RIGHTS AND CONSTITUTEDCRUEL AND UNUSUAL PUNISHMENT UNDER THE 8th AMENDMENT TO THE UNITED STATES CONSTITUTION.

#19. THE ABSENCE OF THE EQUAL PROTECTION OF THE LAWS VIOLATED PLAINTIFF'S RIGHTS AND CONSTITUTED EQUAL PROTECTION VIOLATION UNDER THE 14th AMENDMENT TO THE UNITED STATES CONSTITUTION.

#20. THE PLAINTIFF HAS NO PLAIN, ADEQUATE, OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDANTS UNLESS THIS COURT GRANTS THE DECLARATORY AND INJUCTIVE RELIEF WHICH PLAINTIFF SEEKS.

## VII PRAYER FOR RELIEF (H)

#21. WHEREFORE, PLAINTIFF RESPECTFUlly PRAYS THAT THIS COURT ENTER JUDGEMENT GRANTING

13

PLAINTIFFS:

#22. A DECLARATION *THAT THE* ACTS AND OMISSIONS DESCRIBED *HERE IN VIOLATED PLAINTIFFS* RIGHTS UNDER THE CONSTITUTION AND LAWS *OF THE* UNITED STATES.

#23. A PRELIMINARY AND PERMANENT INJUCTION ORDERING DEFENDANTS ROGER E WALKER Jr, DANNY HARTLINE DANIEL AUSTIN AND Sup MAHLANDT TO STOP DEPRIVING INMATES IN SEGREGATION AS WELL AS GENERAL POPULATION THE EQUAL PROTECTION FROM CRUEL AND UNUSUAL PUNISHMENT; CONDITIONS OF CONFINEMENT, ADEQUATE FOOD.

#24. A PRELIMINARY AND PERMANENT INJUCTION ORDER-ING DEFENDANTS ROGER E WALKER Jr, DANNY HARTLINE DANIEL AUSTIN Lt WADKINS AND C/O McLAIN TO IMPROVE CONDITIONS OF CONFINEMENT FOR INMATES IN SEGREGATION AS WELL AS GENERAL POPULATION AND PROVIDE ADEQUATE SANITATION.

#25. COMPENSATORY DAMAGES IN THE AMONT OF $1,000,000.00 AGAINST EACH DEFENDANT TO COMPLY WITH All CONDITIONS OF CONFINMENT.

14

#26: PUNITIVE DAMAGES IN THE AMOUNT OF $100,000.00 AGAINST EACH DEFENDANT

#27: A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

#28: PLAINTIFF COSTS IN THIS SUIT

29. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER AND EQUITABLE

DATED 5/3/2008   X _____
                     SIGNED

Respectfully Submitted

DERRICK CARTER
PINKNEYVILLE CORRECTIONAL
        CENTER
   PO BOX 1000, 5835 St. Route 154
   PINKNEYVILLE ILLINOIS 62274-3410
   (618) 357-9722

15

# CERTIFICATE OF VERIFICATION
## (J)

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THERE IN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF AND AS TO THOSE, I BELIEVE THEM TO BE TRUE.

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

EXECUTED:

x _____    5/4/2008

16

EXHIBIT E

# AFFADAVIT

On the 11th day of February 2008 at approximately
730pm, a styrafoam tray was delivered to Pinkney-
ville Correctional Center Segregation Unit R5D2
where I/M Derrick Carter was indeed a seg-
regation resident of this particular living space.
The contents enclosed consisted of (2) two pieces
of wheat bread (stale), a small portion of mixed
vegetables and approximately (3) three teaspoons of
a soupy like substance consisting of beans, meat,
and gravy. Also a pineapple drink containing 10%
pineapple juice and a packaged container labeled
orange sherbet in which the seal appeared to be
open, and broken.

I Derrick Carter certify under penalty of perjury
that the above statement is true and correct to
the best of my knowledge.



X _____          5/8 2008
SIGNATURE                    DATE

EXHIBITE

# AFFADAVIT

Since March 8th 2008 the Administration of Pinkneyville Correctional Center has denied Segregation inmates the right to exhaust legal remedies by refusing to supply grievances on a daily basis. When asked by inmates about the distribution of grievances the response by officials were "Fill out a request to the counselor." The counselor never brings them, and I have not been given a grievance since the above date.

I Derrick Carter certify under the penalty of perjury that the above statement is true and correct to the best of my knowledge.

X _Dek Ct_          5/5/2008

Exhibit D

# AFFADAVIT

For approximately three (3) weeks as of (3-8-08) Inmate Derrick Carter (R60201) as well as All residents of Pinkneyville Correctional Center Segregation Unit R5 have been denied grievances on All ocassions by officials due to the alleged unavailcbility of grievance forms to the correctional officers. Inmates were instructed to fill out request forms addressed to the counselor concerning this issue, that only the counselors had the authority to pass out grievances and to no avail the counselor never brings them.

I c/o William Lawless      Certify under
    NAME           BADGE#
Penalty of Perjury that the above statement is true and correct to the best of my knowledge.

X c/o William Lawless    12134    03/30/2008
SIGNATURE             BADGE#        DATE

# AFFADAVIT

On the 11th day of February 2008 at approximately 7:30pm, a styrafoam tray was delivered to Pinkneyville Correctional Center Unit R5Dcell 21 where I/M Derrick Carter (R50805) was indeed a segregation resident of this particular living space. The contents enclosed consisted of (2) two pieces of wheat bread a small portion of mixed vegetables and approximately 3 teaspoons of a soupy like substance consisting of beans, meat and gravy. Also a Pineapple Drink containing 10% Pineapple juice and a packaged container tabled "Orange Sherbet" in which the seal appeared to be broken.

I C/W. Lawless #12134 Certify under the
　NAME　　　　BADGE#
penalty of Perjury that the above statement is
true and correct to the best of my know-
ledge.

X C/W. Lawless　　　12134　　　　3/17/'08
SIGNATURE　　　　　　BADGE#　　　　DATE

EXHIBIT A                                          WRIT

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

S-12
R60201

Offender: _Carter            Derrick_          _____ _R60201_
            Last Name          First Name        MI        ID#

Facility: _Pinckneyville_____

☒ Grievance (Local Grievance # (if applicable): _3-13-08_ )   or   ☐ Correspondence
Received: _3, 25, 08_          Regarding: _Dietary Tray 2-11-08_
            Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional Information required:**

☐ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable).

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to:  Administrative Review Board
                                                Office of Inmate Issues
                                                1301 Concordia Court
                                                Springfield, IL   62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee.  If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:  Illinois Prisoner Review Board
                        319 E. Madison St., Suite A
                        Springfield, IL   62706

**No further redress:**

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on ____/____/____
                                                        Date

☐ No justification provided for additional consideration.

**Other** (specify): _Review Dept. Rule 504 F and also_
_provide the above_

Completed by: _____   _Sheny Benton_   _8 27 08_
                Print Name                 Signature        Date

Distribution:   Offender; Inmate Issues

DOC 0070 (10/2001)
(Replaces DC 710-1274)

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 3-13-08 | Offender: (Please Print) Derrick Carter | ID#: R60201 |
|---|---|---|

| Present Facility: Pinkneyville Corr. Center | Facility where grievance issue occurred: Pinkneyville Corr. Center |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [x] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Violation of Constitutional rights

- [ ] Disciplinary Report: ____/____/____
  Date of Report                    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On the 11th day of February 2008 at approximately 7:30pm(beyond reasonable timing) a styrofoam tray was delivered to my living space (cell 31). Upon observation of the contents enclosed with eager intentions to consume these contents, I immediately grew angry and disgusted not only from the texture, smell and appearance but the amount enclosed was certainly not enough to satisfy a hungry human being. I proceed to question the wing officer Lawless who was responsible for these inhumane actions and

Relief Requested: Disciplinary actions imposed on Sup Mahlandt and $100,000 in compensatory damages!

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Offender's Signature _____   ID# R60201   Date 3-13-2008
(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: ____/____/____   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

**RECEIVED**

MAR 2 5 2008

OFFICE OF
INMATE ISSUES

Print Counselor's Name _____   Counselor's Signature _____   Date of Response _____

---

### EMERGENCY REVIEW

Date Received: 3/7/08   Is this determined to be of an emergency nature?
- [x] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Daniel L. Reedon for   Chief Administrative Officer's Signature   Date 3/19/18

Distribution: Master File; Offender          Page 1          DOC 0046 (Rev. 3/2005)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

his response was "Sup Mahland+ is the supervisor in the dietary today, dont bug up on us we dont make the trays we just pass them out". The content's consisted of two(2) pieces of stale wheat bread, a small portion of vegetables and approximately (3) three teaspoons of a concoction appearing to consist of beans, an unidentified meat or some sort floating in a flour and water based gravy, a Pineapple Drink containing 10% Pineapple juice (1 pint/236mL), and ~~crossed out~~ a packaged container without any form of ingredients nor nutritious facts informing the consumer of any contents deemed prohibited to ones religious beliefs or simply a cause of an allergic reaction. The US constitution assures me as a US Citizen the equal protection of the laws (14 Amend) in which is not ~~crossed out~~ being excercised here, in this matter. The 8th Amendment assures me as a US citizen the PROTECTION) against any sort of cruel and unusual Punishment which states that Adequate Food is a provision of the conditions of confinement, all a part of the 8th Amendment Cruel AND Unusual Punishment Clause. The law has clearly been broken ultimately dipriving me as a US citizen the equal protection of the laws and + am seeking JUSTICE!

EXHIBIT B

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

 5B52

| Date: 2-13-08 | Offender: (Please Print) Derrick Center | ID#: R60201 |

| Present Facility: Pinknyville Corr Center | Facility where grievance issue occurred: Pinkneyville Corr. Center |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☑ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☑ Other (specify): Violation of law

☐ Disciplinary Report: ____/____/____
Date of Report        Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I have been a segregation detainee at the present facility mentioned above for approximately 28 days. On the 6th day of february 2008 the facility was placed on a level one (1) lockdown for supposed security reason. During the duration of this lockdown I have been denied cleaning supplies by numerous shift officers to clean my living space. According to the USCA Const. Amend proper sanitation is constituted as conditions of confinement being a provision of the 8th Amendment which states "Excessive bail shall not be required nor excessive fines imposed nor cruel and unusual punishment

**Relief Requested:** Bring me a mop and broom!

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Derrick Center_                    R60201    2/13/2008
Offender's Signature                  ID#        Date

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: 2/15/08    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Offender was given the opportunity to clean his cell on 2-18-08 per Newkins direction. Grievance is moot.

M. _____ CCII        _____        2/20/08
Print Counselor's Name        Counselor's Signature        Date of Response

---

### EMERGENCY REVIEW

Date Received: ____/____/____    Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Sign_____        ____/____/____
Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

inflicted and as a US citizen I am entitled to equal protection of the laws, CRUEL AND UNUSUAL PUNISHMENT is undoubtedley being excersised and is clearly against the law!